# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RAYMOND POULIN,<br>                     *Plaintiff,*<br>        v.<br>GENERAL DYNAMICS SHARED RESOURCES, INC.<br>                     *Defendant.* | CASE NO. 3:09-cv-00058<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court upon the Joint Motion and Memorandum for Protective Order to Place Confidential Settlement Agreement and General Release Permanently under Seal, filed March 5, 2010 (docket no. 18). For the following reasons, this Motion will be denied in a separate Order, to follow.

Plaintiff Raymond Poulin filed a Complaint on September 8, 2009, alleging that Defendant General Dynamics Shared Resources, Inc., had failed to pay Plaintiff overtime wages as required under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"). From December 12, 1982 to the present, Plaintiff has worked as the Lead Payroll Accountant in Defendant's offices in Charlottesville and Falls Church. Plaintiff alleges that at no time during the course of his employment was he paid at least time and a half for time worked beyond forty hours in a week. Since the filing of the Complaint, the parties have been actively engaged in settlement discussions.

On March 5, 2010, the parties jointly filed the Joint Motion and Memorandum for Approval of Settlement Agreement and General Release (docket no. 17), and the instant Motion, entitled Joint Motion and Memorandum for Protective Order to Place Confidential Settlement Agreement and

General Release Permanently under Seal (docket no. 18). The parties argue in their Motion to Seal that "[t]he [Settlement] Agreement in question contains an express confidentiality provision because the parties agree that a confidentiality provision is necessary to protect the privacy interests of the parties." Recognizing that the Settlement Agreement must be approved by the Court, and that court documents are public records, the parties move the Court to "permanently seal the confidential Settlement Agreement and General Release to protect their respective privacy interests."

There is a right of public access to judicial records and documents that is grounded both in the common law and in the First Amendment. *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2008). There is a presumption under the common law that the public has a right "to inspect and copy all judicial records and documents." *Id*. (citing *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (internal quotations marks omitted). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access," and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). In contrast, while "the First Amendment guarantee of access has been extended only to particular judicial records and documents," where there is a First Amendment right of access, the Court may restrict access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Va. Dep't of State Police*, 386 F.3d at 575. Irrespective of the particular basis underlying the right of access judicial records, it "may be abrogated only in unusual circumstances." *Id*. at 576 (citing *Stone*, 855 F.2d at 182).

The Court finds that the parties' blanket assertion that the Settlement Agreement and General Release must be placed permanently under seal to "protect their respective privacy interests" is plainly insufficient to outweigh the public's right to access judicial records and documents.

Claims arising under the FLSA may be released or waived only if the settlement agreement is: (1) supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c); or (2) approved by the Court pursuant to 29 U.S.C. § 216(b). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In this case, the Court's approval of the parties' Settlement Agreement is required. The public has a well-recognized common law right of access to settlement agreements which are filed and submitted to the Court for its approval. *See e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) ("The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval."); *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (stating that "the court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate"). *See also Boone v. City of Suffolk*, 79 F.Supp.2d 603, 609 (E.D. Va. 1999). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

The purpose underlying the FLSA is the protection of "the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others," and to accomplish these ends, the FLSA "should be broadly interpreted and applied." *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006) (citing *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 140 (4th Cir. 1999) (quoting *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597, 64 S.Ct. 698 (1944))). As a result of these strong public interests underlying the Act,

the public's right of access to judicial records and documents applies with particular force to settlement agreements in FLSA wage-settlement cases. *See In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*, MDL No. 2039, 2009 WL 3253947, at *1 (D. Ariz. Oct. 8, 2009) (citing *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) (noting that "there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public view"); *Boone*, 79 F.Supp.2d at 609 (stating that "in an FLSA action, where federal law requires court approval for fairness before any settlement can be executed, the public has an interest in determining whether the Court is properly fulfilling its duties when it approves a back-wages settlement agreement").

Against this "strong presumption" in favor of keeping such settlement agreements unsealed, the Court recognizes that it must weigh the parties' interests in privacy and in encouraging the settlement of this case, and future cases. These are substantial interests and are not to be lightly set aside. *See Stephens v. County of Albemarle*, 422 F.Supp.2d 640, 644 (W.D. Va. 2006) (recognizing "[i]n the context of settlement agreements, the Court is well aware that confidentiality may be of paramount concern to the parties"); *Boone*, 79 F.Supp.2d at 609 (weighing against unsealing FLSA settlement agreement possibility that doing so "may chill the efforts of future litigants to settle").

Yet aside from the parties' blanket assertion that the Settlement Agreement and General Release must be placed permanently under seal to "protect their respective privacy interests," no particular circumstances have been identified that could warrant the sealing of the Settlement Agreement, besides what the Court would consider to be a business's general interest in keeping its legal proceedings private. The parties have not argued that the Settlement Agreement involves trade secrets, informants, scandalous or libelous information, or other circumstances where the interest in secrecy may be compelling. The Court finds that the parties' interest in keeping legal proceedings

private does not overcome the strong presumption of openness of judicial records and documents that is presented by the circumstances in this case. *See e.g.*, *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*, 2009 WL 3253947, at *2; *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1264 (M.D. Ala. 2003); *Boone*, 79 F.Supp.2d at 609-10.

Accordingly, the Court will, in an Order to follow, deny the Joint Motion and Memorandum for Protective Order to Place Confidential Settlement Agreement and General Release Permanently under Seal. As the parties have included a confidentiality provision in their Settlement Agreement and the Court will deny the parties' request to place said Agreement under seal, the Court will provide the parties the option of withdrawing from the settlement agreement, or moving forward with it recognizing that it will be part of the public record.

Should the parties wish to withdraw from the Settlement Agreement as a consequence of the instant Memorandum Opinion and proceed with this action, they shall file a notice to that effect within 14 days of the issuance of this Memorandum Opinion.

Should the parties wish to proceed with the Settlement Agreement recognizing that it will be a part of the public record, they shall file an amended motion for approval of Settlement Agreement and General Release, attaching an unsealed Settlement Agreement, within 14 days of the issuance of this Memorandum Opinion.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 26th day of March, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE