# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RAYMOND POULIN, *Plaintiff,* | CASE NO. 3:09-cv-00058 |
| v. | MEMORANDUM OPINION |
| GENERAL DYNAMICS SHARED RESOURCES, INC. *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court upon the Joint Motion and Memorandum for Reconsideration of the Court's March 26, 2010 Order Denying Joint Motion for Protective Order to Place Confidential Settlement Agreement and General Release Permanently Under Seal, filed April 9, 2010 (docket no. 22). For the reasons articulated in the Court's Memorandum Opinion dated March 26, 2010 (docket no. 20), which are reincorporated herein by reference, and for the following additional reasons, this Motion will be denied in a separate Order, to follow.

Having reached a prospective settlement agreement which would bring this action to a mutually-agreeable resolution, the parties again move the Court for a protective order to permanently file the settlement agreement under seal, before approving it. The Court, no less than the parties, seeks to secure a just, speedy, and inexpensive determination of this action. While the Court is reluctant to impose any additional obstacles upon the parties – especially given the present amicable posture – this Motion has failed to articulate countervailing interests sufficient to outweigh the public interests in access to judicial documents and records. Several arguments raised by the parties for the first time in the instant Motion warrant further discussion.

It is undisputed that Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") cannot be settled in this case absent judicial approval. There are only two ways in which an employee FLSA claim can be settled or compromised: the first is where the employee accepts payment of unpaid wages supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c); the second is pursuant to a "stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). *See also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). The parties argue that they "would prefer not to involve the Court in what they view as a purely private settlement," and that "[t]he need for the Court's approval of the terms [ ] neither alters the private nature of the settlement nor creates a public interest in the settlement terms." Joint Motion, at 1. These statements reflect a misunderstanding of the FLSA and other relevant authorities.

Settlement agreements of FLSA claims are, by their very nature, not wholly private transactions between an employer and an employee. Of course,

> [o]rdinarily there would be no need for a statute allowing settlement of a dispute between employer and employees – people may resolve their own affairs, and an accord and satisfaction bars a later suit. Yet the Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay.

*Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). *See also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704, 65 S.Ct. 895 (1945) (stating that the private rights guaranteed by the FLSA could not be waived, and that any private agreement attempting to do so would be void as

contrary to public policy); *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) ("As with the FLSA, private settlements of [Family and Medical Leave Act] claims undermine Congress's objective of imposing uniform minimum standards.").

Because FLSA claims can be waived by either of the two statutory exceptions to the general rule against waiver, *see Copeland*, 521 F.3d at 1014, the parties are not necessarily required to resolve FLSA claims in court. Instead, 29 U.S.C. § 216(c) "creates the possibility of a settlement, supervised by the Secretary to prevent subversion [of the interests underlying the FLSA], yet effective to keep out of court disputes that can be compromised honestly." *Walton*, 786 F.2d at 306. Section 216(c) merely requires that the employee agree to accept the amount determined by the Secretary of Labor to be due on the claim, and that the employer make "payment in full" of that determined amount. By availing himself of the right to vindicate his FLSA claims in court, rather than by settlement supervised by the Secretary of Labor, Plaintiff has opted to proceed in a forum that "recognize[s] a general right to inspect and copy public records and documents, including judicial records and documents." *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306 (1978)). While the parties may have found it more expeditious to resolve their disputes in a more private manner, the Court, tasked with approving this settlement agreement under the FLSA framework, must give equal regard to the public interests in the transparency of court proceedings. As the Court has previously indicated in this case, "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

The parties argue in support of filing the settlement agreement under seal that "a federal district court in Virginia has found that there is no overriding First Amendment interest in, and no

statutory right of access to, the terms of an FLSA settlement agreement." Joint Motion, at 3 (citing *Boone v. City of Suffolk*, 79 F.Supp.2d 603, 608 (E.D. Va. 1999)). The Court assumes, *arguendo*, that the court in *Boone* was correct in deciding that only the common law right of access to judicial records and documents is implicated in a motion to file an FLSA settlement agreement under seal.

The common law "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access," and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Some of the factors specifically identified which the Court is to consider in this inquiry is "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public already had access to the information contained in the records." *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The public right of access arising from the common law "may be abrogated only in unusual circumstances." *Va. Dep't of State Police*, 386 F.3d at 576.

Turning to the specific reasons advanced by the parties to substantiate their argument that confidentiality and privacy concerns warrant sealing the settlement agreement, the Court finds that this Motion fails to articulate countervailing interests sufficient to outweigh the public interests in access to judicial documents and records.

The parties argue that "the Settlement Agreement protects Plaintiff's legitimate interest in maintaining his privacy regarding the details of his personal compensation, job performance or work

history, not to mention his personal health information (related to disability leave), *all of which likely would have been revealed in the course of further litigation or trial*." Joint Motion, at 4 (emphasis added). This reason proffered may be true, but it misses the mark as an interest supporting the parties' Motion to Seal. The issue before the Court is not whether it is in Plaintiff's best privacy interests to settle this action rather than proceed to trial, it is whether the presumption of public access to judicial records[1] is outweighed by the private interests of shielding this document, and the information contained therein, from public scrutiny. The settlement agreement does not disclose any "details of [Plaintiff's] personal compensation, job performance or work history," or his "personal health information (related to disability leave)." *Id*. Nor does it disclose any details concerning Defendant's "employees' compensation, its relationships with and the duties of its third-party payroll administrator, and the contractual controls which the Defendant has established regarding the maintenance of employee tax information, which had been one of Plaintiff's responsibilities and which *could have been revealed during the course of further litigation and trial of the matter*." Joint Motion, at 4-5 (emphasis added).

The Court certainly recognizes that the same desire for confidentiality that often motivates litigants to settle their disputes also underlies the litigants' desire to keep the terms of settlement private. *See e.g.*, *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("Parties who settle a legal dispute rather than pressing it to resolution by the court often do so, in part anyway, because they do not want the terms of the resolution to be made public."); *Stephens v. County of Albemarle*, 422 F.Supp.2d 640, 644 (W.D. Va. 2006) (recognizing that "[i]n the context of settlement agreements, the Court is well aware that confidentiality may be a paramount concern to the parties"). However,

---

[1] The public's right to access judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (citing *Littlejohn v. BIC*

before the Court grants a motion to seal, it "must state the reasons (and specific supporting findings) for its decision." *Va. Dep't of State Police*, 386 F.3d at 576. The parties in effect argue that the Court should seal the settlement agreement, which does not itself contain any of the aforementioned types of private information, on the basis of evidence that *might have been* introduced on summary judgment or at trial, *assuming* that the parties would prefer to litigate this dispute rather than make the terms of the settlement agreement public. The link is simply too attenuated to constitute a specific reason or finding of a significant interest of the parties that outweighs the public's right of access.

Concerning the public interests at stake, the parties argue that there is no public interest in ensuring the fairness of the parties' settlement "because there is no concern that Plaintiff is waiving his FLSA rights in exchange for a sub-minimum wage." Instead, there is simply "a bona fide dispute" concerning the exempt status of Plaintiff's former employment position with Defendant. Joint Motion, at 6. The Court finds this to be an unreasonably narrow interpretation of the public interest in the fair resolution of judicial proceedings, and of the Court's role in the framework for approving FLSA settlements. Congress sought, in enacting the FLSA, "to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce," *Brooklyn Sav. Bank*, 324 U.S. at 706, and therefore imposed a minimum wage and an overtime wage for certain categories of employees. *See* 29 U.S.C. § 206 (establishing a minimum wage); 29 U.S.C. § 207 (stating that no employer shall require an employee to work "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed"). The FLSA does not

---

*Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)).

extend its protections to all employees, but contains numerous exemptions for employees of those classes "to which application of the provisions of the act for minimum wages and maximum hours is either impracticable or impossible, or with employees in occupations in which the conditions of labor are regulated by other statutes." 51B C.J.S. *Labor Relations* § 1170. The Supreme Court has clearly held that any "exemption from such humanitarian and remedial legislation must [ ] be narrowly construed," and that "[t]o extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people." *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S.Ct. 807 (1945). To argue that the public interest in ensuring the fairness of the parties' settlement is somehow diminished because the employee could have received a sub-minimum wage as a result of an erroneous application of an exemption (whether applied in good-faith or not) as opposed to some other more direct method of receiving a sub-minimum wage, is to ignore the public policies underlying the FLSA.

Lastly, the parties submit that if the Court grants the Motion to Seal, only the "terms of the settlement" would be placed under seal, and that "[t]he public would still have access to the allegations of the case and the fact of resolution by voluntary agreement." Joint Motion, at 5. Yet only with reference to the "terms of the settlement" can members of the public have an informed opinion of the product of the courts and the fairness of the resolution in this case. The Court's "approval" of a settlement constitutes a "public act," and the public "has an interest in knowing what terms of settlement a federal judge would approve." *Jessup*, 277 F.3d at 929. *See also Bank of Am. Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (stating that "the court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate"); *Stephens*, 422 F.Supp.2d at 644.

Given the unmistakably remedial public policy underlying the FLSA, and considering the statute's prohibition of a private waiver of these statutory rights and requirement that any such waiver be supervised, the public's right of access to judicial records and documents applies with particular force to settlement agreements in FLSA wage settlement cases. *See e.g.*, *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1264 (M.D. Ala. 2003); *Boone*, 79 F.Supp.2d at 609-10. Against this presumption of public access, the parties have asserted the Defendant's interest in protecting itself from baseless FLSA actions. Further, the Court recognizes that a concern for privacy and confidentiality often underlies litigants' decision to settle claims, and this is a substantial interest that the Court must consider in balancing the public and private interests at stake. However, the parties still have not met their burden of identifying "countervailing interests [that] heavily outweigh the public interests in access," *Va. Dep't of State Police*, 386 F.3d at 575, and the Court finds that the trend of reasoned authority supports this position. *See e.g.*, *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation*, MDL No. 2039, 2009 WL 3253947, at *1 (D. Ariz. Oct. 8, 2009); *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *9-10 (S.D. Tex. Dec. 8, 2008). One court concluded in a recent and thorough examination of this issue that "[a] proper consideration of the intent of Congress and the public's interest in judicial transparency permits only one method to obtain judicial review of a compromise of an FLSA claim. The parties must file the settlement agreement in the public docket." *Dees v. Hydradry, Inc.*, --- F.Supp.2d ----, 2010 WL 1539813, at *12 (M.D. Fla. Apr. 19, 2010). While the Court is not called upon to decide, at present, whether there is no set of circumstances that would justify the filing of an FLSA settlement agreement under seal, the parties have failed in this instance to identify significant interests that would heavily outweigh the public interests in access.

Accordingly, the Court will, in an Order to follow, deny the Joint Motion and Memorandum for Reconsideration of the Court's March 26, 2010 Order. As the parties have included a confidentiality provision in their settlement agreement and the Court will deny the parties' request to place said agreement under seal, the Court will provide the parties the option of withdrawing from the settlement agreement, or moving forward with it recognizing that it will be part of the public record.

Should the parties wish to withdraw from the Settlement Agreement as a consequence of the instant Memorandum Opinion and proceed with this action, they shall file a notice to that effect within 7 days of the issuance of this Memorandum Opinion.

Should the parties wish to proceed with the Settlement Agreement recognizing that it will be a part of the public record, they shall file an amended motion for approval of Settlement Agreement and General Release, attaching an unsealed Settlement Agreement, within 7 days of the issuance of this Memorandum Opinion.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 23rd day of April, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE