IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CIVIL ACTION NO. 3:09cv00058

Raymond Poulin,

    Plaintiff,

v.

General Dynamics Shared Resources, Inc.,

    Defendant.

**SECOND AMENDED JOINT MOTION AND MEMORANDUM FOR
APPROVAL OF SETTLEMENT AGREEMENT AND GENERAL RELEASE**

Defendant General Dynamics Shared Resources, Inc. along with Plaintiff Raymond Poulin, by and through their undersigned counsel, hereby move this Court for an order approving the Settlement Agreement and General Release ("Agreement") reached between the parties and attached hereto as Exhibit A.

The parties jointly request that the Court approve this Agreement, in which Plaintiff has agreed to waive any and all prior claims under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 216 *et seq.*[1]  The parties seek Court approval of the Agreement because claims under the FLSA, like those released by Plaintiff in the Agreement, may not be waived or released without Department of Labor or court approval.  *See* 29 U.S.C. § 216(c); *see also Lynn's Food Stores v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Jarrard v. Southeastern*

---

[1] The Settlement Agreement and General release is by and between Plaintiff Raymond Poulin and Defendant General Dynamics Shared Resources, Inc. and their respective representative, heirs, administrators, parents, subsidiaries, employees, etc.

*Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as res judicata to bar a federal FLSA suit).

**I.      BACKGROUND**

Plaintiff Raymond Poulin has a bachelor's degree in accounting and worked for Defendant and its affiliates for over twenty-seven years.  Recently, Plaintiff worked for Defendant in the Payroll Tax department.  In that job, Plaintiff was viewed as a salaried professional and was classified as an exempt employee under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and paid a fixed salary without additional pay for overtime hours worked.  Plaintiff's job duties included, among other things, representing the Company in negotiations with state and local tax authorities regarding payroll tax notices, including negotiating the abatement of fines and penalties, where applicable.  In recent years, the introduction of a new management team changed the job and performance expectations for Plaintiff's department.  Over Plaintiff's objections, in February 2009, Plaintiff's position changed.

On September 8, 2009, Plaintiff filed his Complaint, and on October 12, 2009, he retired from his employment with the Company.  In his Complaint, Plaintiff alleges that Defendant failed to pay him overtime wages as required under the FLSA, and that Defendant's actions constituted a willful violation of the statute.  As backpay damages, Plaintiff sought overtime compensation in the amount of time and one half his regular rate of pay for hours worked in excess of forty (40) hours per week for a period of three (3) years, as well as liquidated damages in the amount of double the amount of backpay damages.

Because Plaintiff and Defendant disagree as to the scope of Plaintiff's job duties and the amount of independent judgment and discretion he exercised in performing those duties, Plaintiff

and Defendant agree that there was a bona fide dispute over whether Plaintiff qualified for an exemption under the FLSA during the last three years of his employment and if he did not qualify for an exemption, whether the Company's action in treating Plaintiff as an exempt employee was willful.  In addition, the parties also agree that there is a bona fide dispute regarding the method of calculating any overtime allegedly due.  After Plaintiff left his employment with Defendant and was awarded certain disability insurance coverage, the parties were able, with the advice of counsel, and before engaging in discovery, to voluntarily negotiate a settlement of Plaintiff's claim for unpaid overtime and reasonable attorneys' fees.

## II.     ARGUMENT

### A.     Legal Standard.

In considering the parties' Motion, the Court is required to "determine[ ] that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

"[T]he district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8, 66 S.Ct. 925 (1946)) (emphasis added).  When considering a motion to approve an FLSA settlement agreement, courts weigh a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely

duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs;" and finally, "the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).

    B.  The Parties' Settlement Agreement Should Be Approved.

As explained above, Plaintiff filed a lawsuit alleging that he was misclassified as an exempt employee under the FLSA; Plaintiff does **not** purport to represent a class of similarly situated employees and this is not a putative collective action. Because the litigation is in the early stages and Defendant has not yet answered the Complaint, no discovery has been exchanged. Despite the fact that there has been no formal exchange of discovery, Plaintiff is in possession of much of the relevant documentation. For example, Plaintiff maintains his weekly time sheets (extending back until at least 2006) setting forth the number of hours Plaintiff recorded that he worked each week, copies of his tax forms showing his rate of pay, and copies of relevant employment records, including his job description and performance reviews.

Because the legal analysis is factually driven, the parties believe that there is a genuine dispute regarding Plaintiff's classification as exempt and that depositions of Plaintiff, his management and co-workers would be required to establish Plaintiff's specific job duties and the extent to which he exercised independent judgment and discretion in performing those duties. Such discovery would be time-consuming and costly for both parties. In addition, although Defendant anticipates that it would file a motion for summary judgment, Plaintiff believes that there are disputes of fact, particularly with regard to Plaintiff's job duties, sufficient to defeat

summary judgment. In such an event, the parties anticipate that the matter would have to be tried to a jury.

Rather than incur the costs of protracted litigation, the parties engaged in early settlement negotiations and were able to reach a resolution satisfactory to all parties. The settlement was reached after arms length negotiations between the parties' respective counsel. Specifically, the parties resolved to settle the matter for a maximum total of Seventy-Five Thousand Dollars ($75,000.00), with a payment of Fifty Thousand Dollars ($50,000.00) directly to Plaintiff and an amount of up to a maximum of Twenty-Five Thousand Dollars ($25,000.00), as ordered by the Court, to Plaintiff's counsel for payment of reasonable attorneys' fees and costs. The payment to Plaintiff represents reimbursement for all unpaid overtime claimed by Plaintiff at a rate of time and one half[2] Plaintiff's regular rate of pay[3] for a period of two years.[4] The parties agree that the statutory maximum amount Plaintiff could conceivably recover if he proved a willful violation of the FLSA is three years of backpay damages calculated at one and one-half Plaintiff's regular rate of pay, plus liquidated damages.[5]

---

[2] The parties disagreed regarding the calculation of amount of overtime hours. It is Defendant's position that because Plaintiff was already compensated for the straight-time hours he worked, any overtime compensation paid should be paid at a half-time rate pursuant to 29 CFR § 778.114. Plaintiff believes that he is entitled to be compensated at the rate of time and one half for overtime hours worked. As a reasonable compromise to their legitimate dispute, the parties agreed to calculate the overtime at the rate of one and one half times Plaintiff's regular rate of pay for a two-year period.

[3] The parties also disagreed regarding the method of calculating Plaintiff's regular rate of pay. It was Plaintiff's position that the rate should be calculated based on a forty-hour workweek, while Defendant took the position that the calculation should be based on all hours actually worked 29 CFR § 778.109. Ultimately, the parties agreed to split the difference (approximately) as a reasonable compromise to account for the legitimate disagreement.

[4] The agreement reflects the parties' negotiated compromise; Plaintiff relinquished his claim to damages for a willful violation (three years backpay and liquidated damages) in exchange for full payment to Plaintiff of two-years of overtime (calculated as explained in footnotes 2 and 3 supra), plus reasonable attorneys' fees of up to $25,000.00, as ordered by the Court.

[5] The maximum amount of backpay damages for three years calculated at one and one half Plaintiff's regular rate of pay based on a forty hour workweek is approximately $87,000.00. Again, it is Defendant's position that not only is there no factual basis for a willful violation, but that any overtime should be calculated on a half-time basis and that the regular rate of pay should be calculated based on all hours actually worked. Calculated by Defendant's

Counsel for both parties are experienced attorneys who practice in this area of law, and they have recommended this settlement as a fair and reasonable compromise of Plaintiff's claims in this case. Although Plaintiff and his counsel believe the claims asserted in this case have merit, they recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against the Company through trial and, if they were successful, through possible appeals. In addition, Plaintiff and his counsel also recognize and acknowledge the uncertain outcome and risk of any litigation. Finally, as experienced counsel, Plaintiff's counsel is aware of the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review. As a consequence, Plaintiff and Plaintiff's counsel believe that the settlement reached confers benefits upon Plaintiff commensurate to the risk of litigation, and that the settlement is fair, reasonable, adequate, in accordance with the law, and in the best interests of Plaintiff. Similarly, although Defendant and its counsel believe the claims asserted in this action lack merit, and that the Company acted in good faith in classifying Plaintiff's position as exempt, it nonetheless believes that further litigation with respect to the Plaintiff would be protracted, expensive, and contrary to its best interests. Defendant has already expended a considerable amount of time, energy, and other resources to this case, and, absent settlement, will continue to do so. In light of these realities, Defendant believes that settlement is a responsible way to resolve the dispute among the parties while minimizing its own further expenditures and potential expenses.

### III.   CONCLUSION

For the reasons set forth above, the parties respectfully request that this Court approve the Agreement in this matter, which was reached at arms length and has been voluntarily executed

---

methodology, the calculation for the maximum unpaid overtime claimed by Plaintiff amounts to approximately $21,260.00.

by all parties. The parties further respectfully request that, should the Court approve the Agreement, it also enter an order in the form of the Agreed Order attached hereto as Exhibit B, dismissing this action with prejudice.

Dated: May 19, 2010                                                          Respectfully submitted,


 /s/J. Allen Schreiber                                                        /s/ Karen E. Gray
J. Allen Schreiber (Va. Bar # 79397)                         James J. Kelley II (Va. Bar # 13869)
Joanna L. Suyes (Bar No. 74226)                              Karen E. Gray (Va. Bar # 47747)
Marks and Harrison P.C.                                             David R. Broderdorf II (Va. Bar # 76538)
1500 Forrest Ave.                                                            MORGAN, LEWIS & BOCKIUS LLP
PO Box 72020                                                                   1111 Pennsylvania Avenue, NW
Richmond, Virginia 23255-2020                                Washington, DC 20004
(804) 282-0999                                                                 Tel: (202) 739-3000
(804) 288-1330 (Fax)                                                      Fax: (202) 739-3001
jsuyes@marksandharrison.com                                Email: kgray@morganlewis.com

Attorney for Plaintiff                                                      Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Second Amended Joint Motion and Memorandum for Approval of Settlement Agreement, and proposed Order will be filed and served via the Court's ECF system and served via Regular U.S. Mail this 19th day of May, 2010 to counsel of record:

    Joanna L. Suyes, Esq.
    Marks and Harrison P.C.
    1500 Forrest Ave.
    PO Box 72020
    Richmond, Virginia 23255-2020

    /s/ Karen E. Gray
    James J. Kelley II (Va. Bar # 13869)
    Karen E. Gray (Va. Bar # 47747)
    David R. Broderdorf II (Va. Bar # 76538)
    MORGAN, LEWIS & BOCKIUS LLP
    1111 Pennsylvania Avenue, NW
    Washington, DC 20004
    Tel: (202) 739-3000
    Fax: (202) 739-3001
    Email: kgray@morganlewis.com

    Attorneys for Defendant